804

## UNITED STATES v. PENNSYLVANIA TRUST CO.

### No. 860.

District Court, M. D. Pennsylvania.

Nov. 23, 1942.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for plaintiff.

Mott Peck, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by the above-named defendants for a more definite statement of complaint. On March 11, 1942, the United States of America filed a complaint against the Pennsylvania Trust Company, successor by contract to the assets and liabilities of the Hyde Park National Bank, alleging as the basis of said complaint, an indebtedness of $15,000 arising out of a certain certificate of deposit drawn by the aforesaid Hyde Park National Bank, and attached to the plaintiff's complaint marked as Exhibit "A".

On April 1, 1942, the above-named defendant bank filed in this court a motion for a more definite statement of complaint, alleging that the said complaint is lacking in definiteness in that the plaintiff fails to disclose any facts pertaining to the aquisition of ownership of said certificate by the plaintiff, and also fails to disclose any facts pertaining to any consideration in support of the aforesaid certificate of deposit.

Plaintiff contends that the statement of complaint is sufficiently definite and clear, basing this contention on grounds that the certificate is a negotiable instrument within the meaning of the Negotiable Instruments Law of 1901; that the plaintiffs are holders in due course of the said certificate, and as such are entitled to the presumptions of consideration and ownership as afforded them as holders in due course under the cited provisions of the Negotiable Instruments Law.

After a careful consideration of the issue at hand, and a close scrutiny of the pertinent sections of the Negotiable Instruments Law, it is the opinion of this court that no merit can be assigned to this contention of the plaintiffs. This is because the plaintiffs are not holders in due course of a negotiable instrument due to the fact that the certificate of deposit in question is not an instrument that is "complete and regular on its face" as required by the Act of 1901, P.L. 194, Ch. 1, Article 4, Sec. 52, 56 P.S.Pa. § 132.

██ That it is not "complete and regular" on its face, and hence not a negotiable instrument within the meaning of the act, is apparent upon an examination of the note itself. It is an ordinary certificate of deposit, which is really nothing more than a promissory note ordinarily issued by banks. This certificate purports on its face to be an order instrument as it is made "payable to the order of * * *". However, in the twelve years that have elapsed since this certificate was issued, there has been no filling in of this blank which designates the person to whose order the note is payable. Because of this, it is obvious that the plaintiffs cannot be holders in due course and as such entitled

to the various presumptions afforded them by the act.

The plaintiffs not being entitled to these presumptions, it necessarily follows that they be required to affirmatively set out in their complaint these various details as to ownership and consideration.

For the above reasons the motion of the defendants for a more specific statement should be granted, and the plaintiffs are therefore ordered to file a more definite statement of complaint, setting forth the information prayed for in the defendants motion.